# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br><br>    Plaintiff,<br><br> v.<br><br>XAVIER BECERRA, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00068-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Lewis Anderson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 14, 2020. (ECF No. 1.)

Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on January 14, 2020.[1] (ECF No. 2.)

## I.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir.

---

[1] The Court notes that Plaintiff improperly submitted his application to proceed *in forma pauperis* on an "AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)," rather than on the required "Application to Proceed In Forma Pauperis by a Prisoner" form, which authorizes removal of proceeds from a plaintiff's prisoner trust account if IFP is granted. (ECF No. 2.) Since IFP is being denied, the Court sees no need to require the necessary authorization from the plaintiff, hence, requiring plaintiff to complete the required form for his situation. However, if IFP is ever granted, Plaintiff will be required to effectuate that consent to remove proceeds from his prisoner trust account before IFP can be fully granted.

1

2011). 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007); see Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (explaining that, to qualify for the imminent danger exception under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[]").

## II.

## DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following United States District Court cases[2]: (1) Anderson v. City of Riverside, No. 5:11-cv-01009-UA-MLG (C.D. Cal.) (dismissed on July 15, 2011 as frivolous, malicious, and for failure to state a claim); (2) Anderson v. City of Riverside, No. 5:11-cv-01148-UA-MLG (C.D. Cal.) (dismissed on August 1, 2011 as frivolous, malicious, and for failure to state a claim); and (3) Anderson v. U.S. Dist. Ct., No. 3:11-cv-01680-BTM-JMA (S.D. Cal.) (dismissed on November 7, 2011 as frivolous). See Harris v. Harris, 935 F.3d 670, 675-76 (9th Cir. 2019) (stating that dismissal on immunity grounds may qualify as a strike for failure to state a claim where the immunity defense is clear on the face of the complaint); Washington v. L.A. County Sheriff's Dep't, 833 F.3d 1048,

---

[2] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

(9th Cir. 2016) (stating that a dismissal under Heck qualifies as a strike under § 1915(g) "for failure to state a claim when Heck's bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA[]"). The Court also takes judicial notice of the following United States Court of Appeals cases: (1) Anderson v. U.S. Dist. Ct., No. 12-55308 (9th Cir.) (dismissed on May 7, 2012 for failure to prosecute and failure to pay the filing fee, following a denial of *in forma pauperis* status on the ground that the appeal was frivolous); and (2) Anderson v. City of Riverside, No. 12-55439 (9th Cir.) (dismissed on July 12, 2012 for failure to pay the filing fee, following a denial of *in forma pauperis* status on the ground that the appeal was frivolous). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." (citation and internal quotation marks omitted)). Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on January 14, 2020. Andrews, 493 F.3d at 1053-56.

In his complaint, Plaintiff alleges that, on January 27, 2016, Defendant Wilson went before the California State Prison, Corcoran classification committee, removed Plaintiff's conviction charge from inflicting a corporal injury on a spouse or cohabitant that resulted in a traumatic condition, and replaced the conviction charge with three false and fraudulent charges of attempted murder, street gang activity, and transporting. (ECF No. 1, at 20.) Second, Plaintiff pleads that, in March 2016, Defendant Cantu increased Plaintiff's disciplinary loss of credits from 30 days to 90 days because Plaintiff exercised his constitutional right to have Defendant Cantu perform their work assignment duties. (Id. at 23-24.) However, while Plaintiff alleges in a conclusory fashion that he has been, and will continue to be, irreparably injured by the conduct of the Defendants, Plaintiff has not pled any allegations demonstrating that he faced imminent danger of serious physical injury at the time Plaintiff filed his complaint. Andrews, 493 F.3d at 1056-57; see White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (stating that "vague

3

and utterly conclusory assertions" of harm are insufficient to establish imminent danger of serious physical harm under § 1915(g)). Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's application to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## III.
## ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 17, 2020**

UNITED STATES MAGISTRATE JUDGE

4

5