UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>XAVIER BECERRA, et al.,<br><br>　　　　Defendants. | No. 20-cv-00068-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, IN PART, AND DENYING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 2, 4) |

Plaintiff Lewis Anderson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 14, 2020, plaintiff commenced this action by filing a complaint (Doc. No. 1) and a motion to proceed *in forma pauperis* (Doc. No. 2). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 17, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 4 at 2–4.) Those findings and recommendations were served on plaintiff and contained

1

notice that any objections thereto were to be filed within thirty (30) days after service. (*Id.* at 4.) On February 3, 2020, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 8.)

In his objections to the pending findings and recommendations, plaintiff does not address the prior cases he has filed cited by the magistrate judge as prior strike dismissals. (Doc. No. 8.) Instead, plaintiff objects "on the grounds that a Rule 60(b) motion of the Federal Rules of Civil Procedure can sometimes be used to remove a strike." (*Id*. at 2.) Plaintiff vaguely refers to his prior complaints of fraud and conspiracy to find him guilty of a felony in Riverside County Superior Court and "assert[s] that he may use Rule 60(b) in this case based on allegations of fraud." (*Id*. at 2–3.) Plaintiff does not specify what prior case of his he is referring to in advancing this argument. To the extent plaintiff asserts that one or more of the cases relied upon by the magistrate judge should not qualify as a strike dismissal based on a pending Rule 60(b) motion that plaintiff filed in that case, the court is not persuaded. The undersigned has reviewed the dockets in the three district court cases that the magistrate judge determined qualify as strike dismissals—all of which were dismissed in 2011—and plaintiff has not filed a Rule 60(b) motion in any of them. Accordingly, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations. Furthermore, plaintiff's objections do not address the magistrate judge's finding that the allegations set forth in plaintiff's complaint are insufficient to trigger the "imminent danger of serious physical injury" exception under § 1915(g).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis, in part.

The undersigned agrees that plaintiff has incurred three strikes under § 1915(g) based on the dismissals in the district court cases cited in the pending findings and recommendations, and on that basis, adopts the magistrate judge's recommendation that plaintiff's application to proceed *in forma pauperis* be denied. However, the undersigned does not agree with the magistrate judge's finding that the Ninth Circuit's dismissals of two of plaintiff's appeals, which were

dismissed by the Ninth Circuit due to plaintiff's failure to prosecute and failure to pay filing fees—qualify as strikes dismissals.[1]

Accordingly:

1. The findings and recommendations (Doc. No. 4) issued on January 17, 2020, are adopted;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;

3. Within twenty-one (21) days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action;

4. Plaintiff's failure to pay the filing fee within the specified time will result in the dismissal of this action; and

5. This matter is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 16, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] The pending findings and recommendations rely on the Ninth Circuit's decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017), for the proposition that when courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." (Doc. No. 4 at 3 (quoting *Harris*, 863 F.3d at 1142).) This same principle was adopted by the Ninth Circuit in *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Nonetheless, the Ninth Circuit has also held that "prior dismissals . . . qualify as strikes only if, after reviewing the *orders dismissing those actions* and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (emphasis added). Moreover, a PLRA strike is only assessed "when the 'case as a whole' is dismissed for a qualifying reason under the Act." *Washington v. Los Angeles Cty. Sheriff's Dept.*, 833 F.3d 1048, 1057 (9th Cir. 2016) (quoting *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007)); *see also Harris v. Harris*, 935 F.3d 670, 674–75 (9th Cir. 2019).