UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>XAVIER BECERRA, et.al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00068-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO STAY AND MOTION TO AMEND THE COMPLAINT<br><br>(ECF Nos. 19, 20) |

Plaintiff Lewis Anderson is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to stay and motion to amend the complaint, filed April 13, 2020. (ECF Nos. 19. 20.)

**I.**

**RELEVANT HISTORY**

On January 17, 2020, the assigned magistrate judge issued Findings and Recommendations, recommending that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g), and that Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 4.) The Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service. (Id.

1

at 4.) On February 3, 2020, Plaintiff filed written objections to the findings and recommendations. (ECF No. 8.)

On March 17, 2020, the District Judge denied Plaintiff application to proceed in forma pauperis and ordered Plaintiff to pay the filing fee in full within twenty-one (21) days. (ECF No. 17.)

Instead of paying the filing fee, Plaintiff filed the instant motion to stay and motion to amend the complaint on April 13, 2020. (ECF Nos. 19, 20.) Plaintiff's motions should be denied.

## II.

## DISCUSSION

Plaintiff seeks to stay this action to allow him to file an amended complaint in order to meet the "imminent danger" standard under 28 U.S.C. § 1915(g). In seeking to amend the complaint, Plaintiff contends that "new developments" after the filing of the original complaint have occurred to demonstrate he is in immediate danger of serious physical harm. Specifically, Plaintiff contends that on March 13, 2020, he was falsely charged with battery on a peace officer and placed in administrative segregation at California State Prison, Lancaster. However, Plaintiff contends that it was the officers who assaulted him in retaliation.

In the original complaint, filed on January 14, 2020, Plaintiff alleged that on January 27, 2016, Defendant Wilson went before the California State Prison, Corcoran classification committee, removed Plaintiff's conviction charge from inflicting a corporal injury on a spouse or cohabitant that resulted in a traumatic condition, and replaced the conviction charge with three false and fraudulent charges of attempted murder, street gang activity, and transporting. (ECF No. 1, at 20.) Second, Plaintiff pleads that, in March 2016, Defendant Cantu increased Plaintiff's disciplinary loss of credits from 30 days to 90 days because Plaintiff exercised his constitutional right to have Defendant Cantu perform their work assignment duties. (Id. at 23-24.)

The determination of whether Plaintiff is in imminent danger of serious physical injury is determined at the time of filing the complaint, and is not reevaluated based on allegations in an amended complaint. See, e.g., Bradford v. Usher, No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, at *4 (E.D. Cal. Sept. 12, 2019) ("imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action and that a determination that the imminent danger exception

2

has been satisfied need not be subsequently reexamined until and unless an appeal is filed."); Simmons v. Wuerth, No. 1:19-cv-01107-DAD-SAB, 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2, 2020) (Section 1915(g)'s imminent danger "exception applies if *the complaint* makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing") (citing Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis in original)).

Because Plaintiff's allegations in his motion to amend the complaint took place *after* the complaint was filed in this action and involve different individuals at a different prison, Plaintiff cannot demonstrate imminent danger at the time he filed the instant action. Furthermore, Plaintiff's allegations now involve officials at California State Prison, Los Angeles County, which must be properly brought in the United States District Court for the Central District of California, against the appropriate individuals. Despite Plaintiff's conclusory contention of a retaliatory connection among events at the two different prisons, he fails to allege facts demonstrating a pattern of misconduct evidencing the likelihood of imminent serious physical injury existed at the time he filed this action. Accordingly, Plaintiff's motion to stay and motion to amend the complaint should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to stay and motion to amend the complaint (ECF Nos. 19, 20) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///
///
///
///
///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 14, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE