UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>XAVIER BECCARA, *Attorney General for the State of California*, et al.,<br><br>   Defendants. | No. 1:20-cv-00068-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PLAINTIFF'S MOTIONS TO STAY AND FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND DISMISSING ACTION<br><br>(Doc. Nos. 17, 19, 20, 21) |

Plaintiff Lewis Anderson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 17, 2020, the court denied plaintiff's request to proceed *in forma pauperis* in this action and directed him to pay the required $400.00 filing fee in full within twenty-one days in order to proceed with this action. (Doc. No. 17.) To date, plaintiff has still not paid the filing fee.

However, on April 10, 2020, plaintiff filed a motion to stay the action and a motion requesting leave to file an amended complaint in order to attempt to meet the "imminent danger" standard required by 28 U.S.C. § 1915(g). (Doc. Nos. 19, 20.) On April 14, 2020, the assigned

1

magistrate judge issued findings and recommendations recommending that both motions be denied. (Doc. No. 21.) The findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen days of service. (*Id.* at 3.) On May 1, 2010, plaintiff filed timely objections. (Doc. No. 22.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In his objections, plaintiff argues that he should be able to amend his complaint to incorporate "new developments" that occurred after the filing of his original complaint and which plaintiff claims will demonstrate that "he is in immediate danger of serious physical harm." (Doc. No. 22 at 4.) But as the magistrate judge noted, "imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action[.]" (Doc. No. 21 at 3–4) (citing *Bradford v. Usher*, No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, at *3 (E.D. Cal. Sept. 12, 2019)). *See also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); *Simmons v. Wuerth*, No. 1:19-cv-01107-DAD-SAB, 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2, 2020).

Because the claimed "new developments" referred to by plaintiff occurred "after the [original] complaint was filed in this action and involve different individuals at a different prison," (Doc. No. 22 at 4, 7), plaintiff is barred by § 1915(g) from relying on those events to assert his earlier, unrelated claims via an amended complaint. If plaintiff wishes to pursue those new claims, he must file a new action in the appropriate district[1] and make a proper showing that he is in "imminent danger of serious physical harm" at the time that new complaint is filed.

Accordingly:

1. The findings and recommendations issued on April 14, 2020 (Doc. No. 21), are adopted in full;

---

[1] As the magistrate judge noted, the events referenced by plaintiff in his motions for a stay and for leave to file an amended complaint occurred at California State Prison, Los Angeles County, meaning that any claims based on those events are properly brought in the U.S. District Court for the Central District of California. (Doc. No. 21 at 3.)

2. Plaintiff's motion to stay and motion to amend the complaint (Doc. Nos. 19, 20) are denied;

3. This action is dismissed without prejudice for failure to pay the $400.00 filing fee; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 12, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE